PAGE, STATE TREASURER *v.* PAVING IMPROVEMENT DISTRICT No. 4 OF MARIANNA.

4-6729                                                    167 S. W. 2d 490

Opinion delivered January 11, 1943.

*Jack Holt,* Attorney General, *Jno. P. Streepey,* Assistant Attorney General, *Neil Bohlinger* and *Herrn Northcutt,* for appellant.

*Daggett & Daggett* and *Burke & Burke,* for appellee.

PER CURIAM. In an opinion handed down February 16, 1942, a decree of Pulaski chancery court directing the state treasurer to pay appellee $53,528.90 was reversed except as to $1,328.90. Appellee's brief in support of its petition for rehearing, while still contending that it should be paid $53,200 in addition to the item of $1,328.90, emphasized what was termed this court's failure to give proper consideration to a stipulation, from which the lower court found ". . . from the evidence adduced herein and by agreement of counsel . . . that the paving district was entitled to $22,328.90." There was a further recital in the decree that "After hearing argument of counsel [it is found that the district] is entitled to an additional allowance . . . of $31,200."

It will be observed that the award of $22,328.90 was made upon an agreement that such sum was due. The at-

torney general's office based its consent upon facts supplied by the highway department, in which it was found that total costs were as stated. Subdivision (a), § 10, Act 385 of 1941. See *Page, Treasurer,* v. *Street Improvement District No. 11 of Russellville,* 203 Ark. 657, 158 S. W. 2d 905, for construction of applicable statutes.

Inasmuch as the attorney general's agreement was predicated upon facts found by the highway department, and the agreement as to $22,328.90 has not been questioned, it is our view that the decree was supported by the evidence essential to sustain it.

In a *per curiam* order of March 30, 1942, rehearing was granted as to $21,000, including an item of $14,300 and another of $6,700. In the *per curiam* order there was the statement that an opinion would be handed down later. Mr. Justice HOLT and Mr. Justice HUMPHREYS dissented. The former dissents from this opinion. Although Mr. Justice HUMPHREYS is no longer a member of the court, he would, if a member, probably join Mr. Justice HOLT in the dissent.

Mr. Justice ROBINS, Mr. Justice McFADDIN and Mr. Justice CARTER have not participated in this opinion, which is merely the formal expression of what was done March 30, 1942, a transaction that became final after fifteen judicial days, with two of the justices entertaining views at variance with the other five.

HOLT, J., dissenting. I dissent from the modification, for the reason that under the terms of act 385 of the General Assembly of 1941, the method for determining the amount of state aid to which appellee, improvement district, is entitled is specifically set out in § 10, sub-section (a). The act requires that the amount of state aid shall be determined by the State Highway Commission, which shall report its finding to the State Treasurer, who in turn issues voucher to the district in payment.

The record before us discloses that the State Highway Commission, through its engineer, W. W. Mitchell, made its report in compliance with the statute. This report contains, among other things, the following:

"That the State Highway Commission has determined in the manner prescribed in § 10, sub-section (a) of said act 385, that the total cost of that part of Paving Improvement District No. 4 of Marianna, Arkansas, representing a highway continuation which, on or before January 1, 1939, was located within the corporate limits of the city of Marianna, Arkansas, was $1,328.90."

This report stands in the record unamended, and it is my view that the only legal means by which the taxpayers' money may be paid out to the various improvement districts entitled to state aid, is upon a strict compliance with the provisions of act 385 and necessarily upon the report of the state highway engineer.

I find nothing either in the agreed statement of facts, or in any part of the record, that shows that the report of the State Highway Commission, through its engineer, is incorrect. While we try the cause here *de novo*, we can only try it upon the record before us.

It is my view, therefore, that this court is not justified in raising the allowance to this district from $1,328.90 to more than $22,000.